UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KIRAN MATHUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-00519-TWP-DML |
| | ) | |
| FAMILY SOCIAL SERVICES | ) | |
| ADMINISTRATION OF INDIANA, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY

This matter is before the Court on Defendant Family Social Services Administration of Indiana's ("FSSA") Motion to Dismiss (Dkt. 12). Plaintiff Kiran Mathur ("Ms. Mathur") brought this suit against FSSA, her former employer, for discrimination on the basis of national origin under Title VII, 42 U.S.C. § 2000 *et seq.*, and for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626. FSSA seeks dismissal of Ms. Mathur's ADEA claim on sovereign immunity grounds. For the reasons set forth below, FSSA's motion is **GRANTED**. Ms. Mathur's ADEA claim, Count II of her Complaint, is **DISMISSED without prejudice**.

FSSA claims immunity from suit under the Eleventh Amendment, which bars actions in federal court against a state, state agencies, or state officials acting in their official capacities. *Ind. Prot. and Advocacy Servs. v. Ind. Family and Soc. Servs. Admin.*, 603 F.3d 365, 371 (7th Cir. 2010). There are three principal exceptions to the Eleventh Amendment's bar:

> First, a state may waive immunity by consenting to suit in federal court. Second, Congress may abrogate the state's immunity through a valid exercise of its powers under recognized constitutional authority, such as by later constitutional amendments. Third, under *Ex parte Young,* 209 U.S. 123, 159-60, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may file "suit[ ] against state officials seeking

prospective equitable relief for ongoing violations of federal law...." *Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997).

*Id.* Here, the State of Indiana has not consented to suit in federal court. *Montgomery v. Bd. of Trs. of Purdue Univ.*, 849 N.E.2d 1120, 1125 (Ind. 2006) ("Indiana has not consented to suit under the ADEA by enacting the IADA."). Further, the ADEA does not contain a valid exercise of Congress' constitutional authority under Section 5 of the Fourteenth Amendment. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000). Finally, Ms. Mathur has not sued state officials, but has sued the agency. "Although the Eleventh Amendment bars *all* claims against [a state agency] and the damages claims against its officials in their official capacities, it does not thwart the claims against officials in their official capacities for the injunctive relief of reinstatement." *Kashani v. Purdue Univ.*, 813 F.2d 843, 848 (7th Cir. 1987) (emphasis added); *see Tyler v. Trs. of Purdue Univ.*, 834 F. Supp. 2d 830, 845 (N.D. Ind. 2011) (holding that in a claim against state defendant for prospective equitable relief of reinstatement, "[t]he Eleventh Amendment's jurisdictional bar applies regardless of the nature of the relief sought").

Thus, the law is clear that Ms. Mathur may not bring an ADEA claim for damages or reinstatement against FSSA as a state agency. Accordingly, FSSA's Motion to Dismiss (Dkt. 12) is **GRANTED**. Ms. Mathur's ADEA claim, Count II, is **DISMISSED without prejudice**.

SO ORDERED.

Date: 02/05/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

David M. Henn
HENN LAW FIRM P.C.
david.henn@HHCFirm.com

Paul J. Cummings
HENN LAW FIRM PC
paul.cummings@HHCFirm.com

Jefferson S. Garn
INDIANA ATTORNEY GENERAL'S OFFICE
jefferson.garn@atg.in.gov

Laura Lee Bowker
INDIANA ATTORNEY GENERAL'S OFFICE
laura.bowker@atg.in.gov